# THE MARKS LAW FIRM, P.C.

February 27, 2025

**FILED VIA ECF**
Hon. Lorna G. Schofield
United States District Judge
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

Defendants shall file a response to Plaintiff's pre-motion letter by **March 7, 2025**.  A conference regarding Plaintiff's pre-motion letter will be held on **March 11, 2025, at 3:15 P.M**.  The conference will be in person at the United States Courthouse, Southern District of New York, 40 Foley Square, New York, NY, 10007 at Room 1106.  If lead counsel for any party is located outside of New York City or would experience a hardship from an in-person appearance and would prefer to appear remotely, they should notify the Court immediately by filing a letter on the docket so that arrangements can be made.

Dated: March 4, 2025
    New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

RE: __Lesaldo Shalto v. Cafe 24/7 LLC and 108 Charlton Street Realty, Inc__
      Index:  1:24-cv-07484-LGS

Dear Judge Schofield,

Plaintiff respectfully request an appearance before Your Honor to adjudicate the discovery issues Plaintiff raised and met and conferred with Defendants about, in accordance with Section III(c)(3) ("Discovery Disputes") of Your Honor's Individual Part Rules and SDNY Local Civil Rule 37.2.

In accordance with your Honor's Case Management Plan and Scheduling Order [Dkt Dkt 19] so-ordered on November 28, 2024 (Exhibit A) Plaintiff timely served upon Defendants the attached Rule 26 Initial Disclosures, First Request for Interrogatories and First Request to Produce demands on November 11, 2024 (to 108 Charlton Street Realty, Inc ("108 Charlton")) and November 25, 2024 (to Cafe 24/7 LLC ("Café 24/7")) (Exhibit B or "Discovery Demands").

As of January 10, 2025, Plaintiff had not received a response to its Discovery Demands at all, nor did the Defendants objected or move for a protective order. The parties had hoped this matter would resolve; however no such resolution was achieved. Accordingly, on January 10, 2025, Plaintiff sent a discovery deficiency notice to Defendants via email outlining this discovery issue with details as to the Defendants' noncompliance with discovery deadlines and requested a meet and confer to resolve the discovery dispute (Exhibit C). The parties engaged in a telephonic Rule 37.2 meet and confer on January 16, 2025, which lasted approximately 45 minutes. During the meet and confer, the parties agreed to engage in limited discovery until after mediation, to focus on resolving this matter resulting in the Feb 3, 2025 status letter [Dkt 28] (Exhibit D). Thereafter your honor issued an amended case management plan extend certain deadlines, but not all [Dkt 29, and 30] **(Exhibit E),** with the guidance that "The Court does not generally extend discovery pending settlement discussions. No further extensions will be granted absent extraordinary circumstances." Accordingly, the parties agreed to continue discovery concurrently.

On February 12, 2025 the parties engaged in another rule 37.2 meet and confer regarding the discovery deficiency and lack of compliance with applicable discovery deadlines via

155 East 55th Street, Suite 4H, New York, New York 10022
T: (646) 770 – 3775, F: (646) 867 – 2639, brad@markslawpc.com
www.markslawpc.com